UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
SEP 21 2012

PER _____
DEPUTY CLERK

GREGORY BACON,

    Plaintiff

v.  :  CIVIL NO. 3:CV-09-1445

JOHN KERESTES, et al.,  :  (Judge Kosik)

    Defendants

## MEMORANDUM

Gregory Bacon ("Bacon") is an inmate currently confined at the State Correctional Institution at Retreat, Pennsylvania. He filed this civil rights action pursuant to 42 U.S.C. § 1983 naming as defendants three (3) employees at the State Correctional Institution at Mahanoy (SCI-Mahanoy), Pennsylvania, his former place of incarceration. The matter proceeds on an amended complaint that Plaintiff was permitted to file following the court's resolution of Defendants' motion to dismiss the original complaint. (Doc. 21.) Defendants filed an answer to the amended complaint (Doc. 24), and thereafter discovery ensued. Several orders were issued enlarging the period for discovery and the filing of dispositive motions. (Docs. 30, 34.) In the latest of these scheduling orders, discovery was enlarged until approximately September 23, 2010, with dispositive motions due within thirty (30) days thereof.

(Doc. 34.) Since that time, Plaintiff has moved for and has been denied the appointment of counsel. Pending before the court is Plaintiff's motion to amend/correct the amended complaint.[1] (Doc. 36.) This motion is fully briefed and ripe for disposition. For the reasons that follow, the motion will be denied.

## I. Background

The allegations in the standing amended complaint are as follows. Bacon claims that on May 15, 2008 he was brutally attacked by two (2) inmates in the foyer of F-Block at SCI-Mahanoy. He states that this area has security cameras and that the cameras were non-functioning and unmanned by staff. He contends that this was a violation of his constitutional rights pursuant to the Eighth and Fourteenth Amendments. He states that as a result of the attack he suffered numerous cuts.

Bacon claims that Superintendent Kerestes is liable because he failed in his duty to protect inmates by not ensuring that the cameras were functioning and manned by his insubordinates. Bacon also contends that Captain Gavin is liable in his capacity as the Security Captain since it is his duty to maintain all security functions at the prison including the camera system which is under his direct supervision. He claims that all malfunctions should have been repaired and reported to Superintendent Kerestes.

---

[1] Apparently due to clerical error, this motion does not appear as an open motion on the docket and, as such, has been pending for quite some time without resolution.

It is further alleged that Correctional Officer Thoryk violated his rights because on each block of the prison there are camera monitors allowing the floor managers to see all movement. Thoryk knew his monitor did not allow him to view the foyer and failed to report the failure of the camera system to his supervisors. According to Bacon, if Defendants properly followed procedure, he would not have to file the instant complaint. Monetary damages are requested.

## II. Discussion

Bacon has filed a motion seeking to amend/correct his amended complaint. Along with the motion, he submits the proposed second amended complaint. (Doc. 36, Attach. 1.) In seeking to amend, he wishes to add eleven (11) more defendants, all employees at SCI-Mahanoy. He claims he learned of their alleged involvement in the violation of his rights after the conclusion of discovery in this case. He contends that these individuals all signed and/or filed reports indicating that the cameras in question were working in an effort to sway the investigation into his claims.

Defendants oppose the allowance of any amendment on the following grounds. They first argue that the motion should be deemed withdrawn for failure to file a supporting brief in accordance with Middle District Local Rule 7.5. Without unnecessary elaboration, the court is not inclined to do so. While Plaintiff did not submit a separate brief in support of his motion, he is a pro se inmate litigating this action. In his motion, he does cite to legal authority in support of his position, as

sparse as it may be. As such, the court will liberally construe his motion to be both a motion and brief in support thereof.

Defendants also maintain that the motion to amend/correct is futile. Specifically, they claim that the allegations with respect to the proposed new Defendants assert nothing more than negligence, and fail to set forth any personal involvement other than that said individuals inspected the cameras (a number of them even after the incident occurred) and found that they were functional. Clearly, any such allegations would not set forth a viable claim under the Eighth Amendment. There are no facts asserting any type of deliberate indifference on the part of these Defendants, and negligence does not form the basis of an Eighth Amendment violation. See Estelle v. Gamble, 429 U.S. 97, 105-106 (1976). In addition, any conduct Defendants may have taken with respect to inspecting the cameras in question following the incident would not establish any personal involvement on their part. For these reasons, the court agrees with Defendants that the underlying basis for seeking amendment is futile, and the motion will be denied. With this said, the parties shall have thirty (30) days within which to submit any dispositive motions in this case. An appropriate order follows.